Hale, J.
The action in the court below was brought upon what is known as a Lloyds Policy of Insurance, against one of the several signers in the policy.
The policy was under-written by the plaintiff in error and fourteen others acting by their agent Henry S. McEall. Under the terms of the policy the plaintiffs in error are severally, and not jointly liable, each for the sum of two hundred dollars.
The petition was in the ordinary form, and sufficient in law to constitute a cause of action. The defense will be more definitely stated hereafter, Upon the issues joined, complaint is made of several rulings of the court in the admission and exclusion of eyidence.
The policy for iftsurBince’covered the Propeller “Idler”, then owned by the defendant in error, and was issued on the —day of— - — .—18—, She was destroyed by fire on the 12th day of January, 1896, but the extent of the loss was in contention between the parties.
The defendant in error was permitted to introduce the testimony of several experts to prove the value of the boat at the time of the fire, and complaint is made that some of these experts had no qualifications to speak as such. While it may be true that their testimony was of very little value, we are not prepared to say that any of the testimony given by the experts was entirely incompetent.
The plaintiff in error, upon the same issue, was permitted to prove the price atjwhibh the boat was sold prior to her loss. As the testimony appears in the record, we are not prepared to say in that regard that it was error.
The defendant in error having shown of whom the boat was purchased and the price at which she was purchased, was permitted to ask the several witnesses the following question: “What was the price asked for the steamer when the negotiations were first commenced for her purchase?” This question was objected to, the objection overruled, and exception taken by the plaintiff’ in error. The *21 answer to the question was, “Ten thousand dollars,” It has been shown that she was purchased for the sum,of $4,500. This question was clearly incompetent, and the court erred in permitting it to be answered.
By the terms of the policy the insured was required to furnish proof of loss on or before a date after the loss,fixed' by the policy. That proof of loss, it was alleged in the petition, had been furnished according to the contract. On the trial it was shown that notice had been served upon the company to produce the original proofs. They were not furnished, and the defendant in error was permitted to give secondary evidence of their contents. Under the' circumstances disclosed in the bill of.exceptions, we are not prepared to say that the court erred in the treatment of this subject.
The other complaints made of the rulings of the court upon the admission of testimony, will be considered in connection with other propositions in the case.
■ Several defenses are made in the answer filed to the petition. First, it is said, that the company issuing the policy, was forbidden to do business in Ohio; that the insurance brokers who procured the policy to be issued, were agents of the insured and procured the policy to be issued in violation of the statute of the state. This defense was not seriously insisted on, on the trial. There was no error growing out of the issue made by this claim,
The policy was issued in the name of the Niagara Fire and Marine Under-Writers of Buffalo, New York, a corporation organized under the laws of New York. The policy contained this clause: “No action shall be brought to enforce
the provisions of this policy except against the general manager as attorney in fact and representing all the under-writers, and each of the under-writers hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility thereunder.”
This policy was issued; Henry S. McFall was the attorney in fact and the general manager of the insurance company; but it is alleged in the petition that he resigned and his resignation was accepted on the 5th day of March,1896, the fire having occurred on the 12th of January, 1896; that this fact did not come to the knowledge of the insured until March 9, 1896.
*22 The answer denies these allegations of the petition, and1 alleges that McFall continued to be the attorney in fact and at all times a resident of the city of Buffalo where he resided at the time the policy was issued, and where summons' could at any time subsequent to the loss, have been had upon him. On the trial, much evidence was introduced on the-issue. The defendant in error attempted to show, and gave much evidence tending to establish the fact of the resignation of McFall as attorney and general manager, and to show that service of summons upon him was impossible.
The plaintiff in error also gave some evidence tending to-establish the facts as alleged in his answer.
After this testimony had been given to the jury, the court, on objection made by the defendant in error, to a question put to the witness, of his own motion withdrew all such testimony from the consideration of the jury. ' The court said: “I think that I will say to you, Gentlemen of the Jury, that all the testimony with reference to the resignation of the attorney in fact, and whether he was in Buffalo, or wás not, at the time of this loss, of these meetings and subsequent to that time, for the purpose of being served with summons, so that he could not be served with summons, all that testimony you may pay no attention to; the court holding that the assured here, this plaintiff in this action, had the right to bring this suit against any of the under-writers who had promised or was pledged to the payment of any portion of that loss.*’
Exception was taken to this ruling of the court by tbeplaintiff in error. But the holding of the court here made was further emphasized by the court in the charge to the jury, and an exception taken.
Under this holding of the court, we deem the many objections made to the introduction of the testimony bearing” upon the authority of McFall, the particular power under which he acted, whether he had resigned as attorney in fact and general manager, whether he absconded,or whether service of summons could.be had upon him, as to what effort was made to induce McFall to return to Buffalo, whether the company had or had not assets, áre wholly immaterial; that testimony having all been withdrawn from thé jury,we need not examine the various rulings.
*23 The vital question in the case is, whether the court was right in holding as I have indicated above.
We are of the opinion that this clause of the policy is not wholly void.
Under the terms of the policy each under-writer is severally liable for the amount designated by him in the policy.
In the absence of this clause of the policy an action might be maintained against any one of the under-writers to enforce his liability under the policy, without joining hi3 co-under-writers. It was entirely competent, by contract in the policy, to designate the one to be sued in case of loss, and that all the rights of the several under-writers should be fixed and concluded by the result of such action.
Whether this clause of the policy should be enforced in cases where the attorney in fact is not also an under-writer, need not now be decided.
What we do hold, is that in a Lloyds policy of insurance where the attorney in fact for the under-writers is also an under-writer and so named in the policy, this clause of the policy is valid and binding on all the under-writers, and not contrary to public policy. But, notwithstanding this, if on issue joined, it be shown that in fact the company had ceased its business; that it had no assets of any kind; that the person'who was the attorney in fact at the inception of the policy, had resigned or had absconded, and his place of residence was unknown, so that service of summons could not be had upon him, then we think the action could be maintained by the assured against any one of the under-writers.
If it be true that McFall was at all times a resident of-Buffalo where service of summons could be had upon him, and was in fact, and did in fact continue to be general manager of th,e company and the attorney in fact of the underwriters to that policy, then we think that the action should first have been brought against him in accordance with this stipulation iq the policy.
It follows that the court erred in the rulling given above, upon the validity of this clause of the policy, and for error in the admission of testimony as above indicated, the judg^ *24 ment of the court of common pleas is reversed and the cause remanded for further proceedings,
Goulder, Holding & Masien, for Plaintiff in Error.
Roggr M Lee, for Defendant in Error.